IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH HEIM, | : |
|     Plaintiff | : |
| | :   CIVIL NO. 3:CV-10-1656 |
| v. | : |
| | :   (Judge Caputo) |
| DAUPHIN COUNTY PRISON, *et al.*, | : |
|     Defendants | : |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

    On August 10, 2010, Joseph Heim, then a prisoner housed at the Dauphin County Prison (DCP), filed a civil rights action challenging enforcement of the DCP Policy of Financial Responsibility which charges inmates fees for room and board as well as other services.  Doc. 1-2, Compl. at pp. 38 - 39.  Named as defendants are: the DCP Warden; Deputy Wardens; Prison Board of Inspectors; the Business Office; and the "Manager of" Freddie McNeal.  Presently before the Court is Mr. Heim's Motion for Extraordinary Relief (doc. 21) and Motion for Sua Sponte  (doc. 23).  For the reasons that follow, both motions will be denied.

    Mr. Heim's first motion seeks the Court to enter an order precluding DCP officials from withholding or withdrawing any funds from his prison inmate account until "an immediate hearing" is held to determine whether his Due Process rights

have been violated by the DCP action's. Doc. 21 at CM/ECF p. 5.[1] Construing Mr. Heim's motion liberally, as we must, the Court will construe this motion as injunctive relief. It is well recognized that a preliminary injunction is an "'extraordinary remedy,' and the party seeking it must show: '(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.'" *Ball v. Beard*, 396 F. App'x 826, 827 (3d Cir. 2010)(quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). Irreparable harm has been defined as "potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). In other words, a preliminary injunction must be the only way of protecting the plaintiff from harm and may not be granted to relieve purely economic harm. *Id.*; *see also Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir.1988)("[T]he availability of adequate monetary damages belies a claim of irreparable injury.") As a matter of law Plaintiff cannot demonstrate irreparable harm because any injury he sustained as a result of the DCP's Financial Responsibility Program would be compensable by an award of monetary damages. Thus, the motion for extraordinary relief will be denied.

---

[1] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

Plaintiff's Motion for Sua Sponte (doc. 23) seeks the court to schedule "oral argument" on the issues raised in his Complaint.  The Court does not agree that oral argument is necessary at this point in the litigation.  If, and when, the Court finds oral argument would be beneficial in this matter, it will be scheduled at the discretion of the Court.  Plaintiff's Motion for Sua Sponte (doc. 23) will be denied.

**ACCORDINGLY, THIS   4th   DAY OF AUGUST, 2011, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Extraordinary Relief (doc. 21) is **DENIED**.

2. Plaintiff's Motion for Sua Sponte Relief (doc. 23) is **DENIED**.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**