**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH HEIM,** : | |
| : | |
| Plaintiff : | |
| : | **CIVIL NO. 3:CV-10-1656** |
| v. : | |
| : | **(Judge Caputo)** |
| **DAUPHIN COUNTY PRISON,** *et al.*, : | |
| : | |
| **Defendants** : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On August 10, 2010, Joseph Heim, then a prisoner housed at the Dauphin County Prison (DCP), filed a civil rights action challenging the DCP Policy of Financial Responsibility under which fees are charged to inmates for room and board as well as other services.  Doc. 1-2, Compl. at pp. 38 - 39.  As defendants he names the DCP Warden, Deputy Wardens, Prison Board of Inspectors, the Business Office and the "Manager of" Freddie McNeal.  Presently before the Court is Mr. Heim's Motion for Addendum's Addition to Docket (doc. 19).  In this motion, Plaintiff seeks to supplement his Complaint with an "Addendum" (doc. 19-1) as well as seek class certification by adding thirty (30) co-plaintiffs.  *Id*.  For the reasons that follow, the motion will be denied.

While Fed. R. Civ. P. 15(a) allows for an amendment of the pleading once as a matter of right, Joseph Heim's "addendum" is incomplete and does not stand as a singular cohesive complaint.  Furthermore, the "Addendum" seeks to add thirty (30) new co-plaintiff's which he seeks to represent, making this a class action.  Such

certification requires that the named plaintiff prove that he has met the requirements of numerosity, commonality, typicality, and adequacy of representation. *See* Fed.R.Civ.P. 23. A class action can be maintained only if the representative parties will fairly and adequately protect the interests of the class, *see* Fed.R.Civ.P. 23(a)(4), but, in this case, Mr. Heim is not able to satisfy the adequacy of representation factor because he lacks legal education. *See Krebs v. Rutgers*, 797 F.Supp. 1246, 1261 (D.N.J. 1992) (denying class certification to *pro se* plaintiffs without sufficient legal education). In fact, it is well established that *pro se* plaintiffs are not favored as representative parties in a class action as they generally cannot represent and protect the interests of the class fairly and adequately. *See Hagan v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009)(citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Accordingly, because Plaintiff is an incarcerated, *pro se* litigant no longer housed at DCP, the Court finds that he is not an appropriate representatives of a proposed class.

**ACCORDINGLY, THIS   4th   DAY OF AUGUST, 2011, IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Amend (doc. 19) is **DENIED.**

                    **/s/ A. Richard Caputo**
                    **A. RICHARD CAPUTO**
                    **United States District Judge**